ZORRILLA, PLAINTIFF AND APPELLANT, *v.* ORESTES ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of San Juan in an Action for Performance of Contract.

No. 2368.—Decided March 23, 1921.

OPTION—NOTICE—SUBROGATION—DEPOSIT.—The owner of a property agreed to give to his lessee fifty days' notice of any intended sale of the leased property so as to give the lessee an opportunity to become subrogated to the vendee, but no particular form of notice was stipulated. The lessee sued the owner for notice of a certain projected contract of sale and the owner confessed judgment and inserted in his answer a copy of the contract. It was held that the district court acted correctly in refusing to accept a deposit of the purchase price from the lessee after more than fifty days had elapsed since he had been given notice by the answer of the existence and terms of the said contract.

The facts are stated in the opinion.

*Messrs. J. S. Alegría* and *J. Texidor* for the appellant.

*Messrs. J. Martínez Dávila* and *F. de la Torre* for the appellees.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal from a judgment of the District Court of San Juan in the matter of the deposit of a certain sum of money under an option contract.

It appears from the record that on June 3, 1911, the own-ers of a farm property in Manatí leased it for a term of eight years to Francisco Brunet, the deed of lease containing the following agreement:

"Fifth: In the event of a sale of the whole property, or of any of the common interests of which it consists, the vendors will give preference to Brunet under equal conditions and price and will allow him fifty days within which to decide whether or not he will make use of that right. If upon the expiration of that period the lessee may not have elected to purchase the property, the vendors will impose upon the vendee the obligation to respect the present contract of lease in all of its terms and conditions until its expiration."

Brunet assigned to Enrique Zorrilla all of his rights emanating from the said contract and in June, 1919, Zorrilla filed a complaint alleging that one of the common owners of the said property had entered into an agreement for the sale of his interest to Jaime Calaf, deferring the execution of the deed until after July 30, 1919, the date of the expira-tion of the lease contract. Zorrilla prayed the court to ad-judge that he was entitled to notice of the agreement be-tween the co-owner and Calaf, so that he might be in a posi-tion to decide whether or not he would make use of his op-tion right.

After several preliminary questions had been raised and ruled on the defendant co-owner answered the complaint without opposing it and stated that as the court had held that Brunet's right was transferable, "he has no objection to giving notice to the plaintiff of the contract entered into between him and Calaf so that he may avail himself of what-ever right he may have." And he then copied the contract literally into the answer.

The answer was served on the plaintiff's attorney on

December 8, 1919, and the court entered judgment on January 30, 1920. The costs were not imposed upon the defendant and the plaintiff appealed to this court, which affirmed the judgment on July 15, 1920. On August 26, 1920, Zorrilla offered the co-owner the sum of $13,650, the price agreed upon with Calaf, and demanded the corresponding deed of sale. The co-owner refused and Zorrilla then deposited that sum in the district court. The co-owner filed an objection, alleging that the fifty days allowed Zorrilla within which to exercise his right had expired. The court entered judgment against Zorrilla and this appeal was taken.

Whatever right Zorrilla may have emanates from the fifth clause of the said deed of lease. That clause stipulates that in case of sale Brunet (Zorrilla) shall have an option to purchase under equal conditions and for the same price and he will be allowed fifty days within which to decide whether or not he will make use of that option.

When on June 26, 1919, Zorrilla filed his complaint he set up generally the existence of the agreement with Calaf. He was ignorant of the terms and conditions of the contract. That contract could not affect him during the existence of the contract of lease and, together with it, his option to purchase the property. When the defendant answered he not only acquiesced in the complaint, but actually did what the plaintiff prayed for, i. e., gave him full knowledge of the contract entered into with Calaf. When the answer so framed was served on the plaintiff through his attorney the plaintiff was put in possession of all the data necessary for deciding whether or not he would make use of his right.

The contract impliedly required a notice, but it did not specify the manner in which the notice should be given. This being the case, the attitude of the district court seems to be logical and just. The plaintiff had ample opportunity to exercise his right and failed to do so. He can not now claim that he was ignorant of the existence of the contract, or of

its exact terms and conditions. And this was the extent of his right. The period of fifty days allowed him for deciding whether or not he would take the place of the purchaser began to run when the terms and conditions of the contract were made known to him.

The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.